**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FILED

'07 NOV 23  PM 1:50

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

GRIP POD SYSTEMS, LLC ,
a Florida limited liability company,

        CASE NO:

        Plaintiff,

6:07-CV-1863-ORL-19UAM

v.

COMMAND ARMS ACCESSORIES, LLC,
a Pennsylvania Limited Liability Company,
FOBUS USA, INC.,
a Pennsylvania Corporation,
FIRST SAMCO, INC.,
a Pennsylvania Corporation
& JOHN DOES 1-50,

        Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
WITH INJUNCTIVE RELIEF SOUGHT**

COMES NOW Plaintiff, GRIP POD SYSTEMS LLC ("Plaintiff"), by and

through its undersigned counsel, and for its Complaint against Defendants COMMAND

ARMS ACCESSORIES, LLC, a Pennsylvania Limited Liability Company, FOBUS

USA, INC., a Pennsylvania Corporation, FIRST SAMCO, INC., a Pennsylvania

Corporation and JOHN DOES 1-50 ("Defendants") hereby respectfully alleges as

follows:

**PARTIES**

1.    Plaintiff GRIP POD SYSTEMS LLC is a limited liability company

organized under the laws of the state of Florida and maintains its principal place of

business    at    738    NATURE'S    HAMMOCK    DRIVE,

JACKSONVILLE, FL 32259 and does business within this jurisdictional district and elsewhere throughout the United States.

2.      Upon information and belief, Defendants COMMAND ARMS ACCESSORIES, LLC, is a Pennsylvania Limited Liability Company with its principal place of business located at 76 Vincent Circle, Ivyland, Pennsylvania 18974, FOBUS USA, INC., is a Pennsylvania Corporation, with its principal place of business located at 76 Vincent Circle, Ivyland, Pennsylvania 18974, and FIRST SAMCO, INC., is a Pennsylvania Corporation, with its principal place of business located at 76 Vincent Circle, Ivyland, Pennsylvania 18974,

3.      Plaintiff is currently unaware of the true name(s) and capacity(ies) of the Defendants sued as John Does 1-50 inclusive, and therefore sues said Defendants by said fictitious names.  Plaintiff may seek leave to amend the complaint to show the true names and capacities of all Defendants when same have been ascertained.

### JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, that is, Title 35 U.S. Code §271, *et seq.* and as such, this Court has jurisdiction over this cause pursuant to Title 28 U.S. Code § 1338 in that this case involves an infringement of a patent issued by the United States Patent and Trademark Office ("USPTO").  Moreover, all Defendants engage in a regular course of business in the Middle District of Florida, thereby giving this Court personal jurisdiction over all Defendants.

5.      Venue is proper as to Defendants pursuant to 28 U.S.C. § 1391(d).

6.      Venue is also proper in this District as to all Defendants pursuant to Title 28, U.S.C. § 1400(b) in that, upon information and belief, all Defendants have

manufactured, distributed, sold, caused to be sold, or offered for sale, products which infringe the Patent (as hereinafter defined) and which all parties knew or should have known were to be distributed or sold within this judicial district.

7.     This action also seeks preliminary and permanent injunctive relief, declaratory relief under 28 U.S.C. §§2201 and 2202, and damages for trademark infringement under the laws of the United States; namely, Title 15 of the United States Code and more particularly 15 U.S.C. §1051, *et seq.*, 15 U.S.C. §1114, and 15 U.S.C. 1116-1118, inclusive; common law trademark infringement, false designation of origin, passing off, false advertising and unfair competition pursuant to Section 43(a) of The Lanham Act, 15 U.S.C. §1391 and 15 U.S.C. 1125(a); dilution of mark and injury to business reputation under Fla. Stat. 495.151, misleading advertising under Fla. Stat. 817.41, Deceptive and Unfair Trade Practices under Fla. Stat. 501.201, *et seq.*, and the Florida common law claim of unfair competition.

8.     Defendants do business in Florida by (1) selling and shipping products to and within this State, District, and Division; (2) advertising products within this State, District, and Division; (3) soliciting business and orders within this State, District, and Division; and (4) deriving revenue from the sale of its products within this State, District, and Division without consent or license from Plaintiff.

9.     Defendants have performed acts within this State, District, and Division which have resulted in damage to Plaintiff.

10.     Defendants have committed acts in this District in violation of Plaintiff's exclusive rights under 15 U.S.C. §1115 thereby giving this Court personal jurisdiction

over Defendants.  Further, this court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1332.

11.     Venue is also proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).  Further, pursuant to Middle District Local Rule 1.02(c), venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to this claim have occurred in counties of which the Orlando Division is comprised as set forth in Middle District Local Rule 1.02(b)(3).

12.     Subject matter jurisdiction of this Court is proper pursuant to 28 U.S.C. §1338.

## GENERAL ALLEGATIONS

13.     Plaintiff is a Florida limited liability company operating a manufacturing and distribution business relating to a firearm accessory.

14.     Defendants COMMAND ARMS ACCESSORIES, LLC, FOBUS USA, INC., and FIRST SAMCO, INC., are companies operating businesses that sell and distribute firearm accessories.

15.     On September 26, 2006, United States Patent No. 7,111,424 (the "Patent or the '424 Patent"), was duly issued to one Joseph R. Moody of Jacksonville, Florida and Joseph D. Gaddini of Evans, Georgia by the USPTO for FORE GRIP WITH BIPOD which can be generally described as a vertical fore grip with concealed legs that deploy downward and extend beneath the fore grip into an expanded bipod configuration for use with firearms.  The '424 Patent was filed in December 2, 2003.  *See* Exhibit 1 attached.

16.     By assignment from said Moody and Gaddini to said Plaintiff, GRIP POD SYSTEMS LLC, said GRIP POD SYSTEMS LLC currently holds all right, title and

interest in the Patent.

17.    At all times subsequent to September 26, 2006, Plaintiff, GRIP POD SYSTEMS LLC has been and is currently the owner of the Patent and all rights appertaining thereto.

18.    Defendants currently sell and distribute products for use with firearms which infringe said Patent of GRIP POD SYSTEMS LLC.

19.    Plaintiff is the owner of United States Federal Trademark Registration Registration Number 3,242,400 for the mark *GRIPPOD* registered May 15, 2007 in International class 13 and assigned to Plaintiff. *See* Exhibit 2 attached.

20.    Plaintiff is the owner of United States Federal Trademark Registration Number 3,244,947 for the mark *GRIP POD* registered May 22, 2007 in International class 13 and assigned to Plaintiff. *See* Exhibit 3 attached.

21.    Plaintiff is the owner of State of Florida Trademark Registration Number Florida Registered Trademark No. T07000000347 for the mark *GRIPPOD* registered on March 12, 2007 in class 0013 and assigned to Plaintiff. *See* Exhibit 4 attached.

22.    Plaintiff is owner of State of Florida Trademark Registration Number T07000000348 for the mark *GRIP POD* registered on March 12, 2007 in class 0013 and assigned to Plaintiff. *See* Exhibit 5 attached.

23.    Since at least the date of issuance, the trademark registrations referred to in 19-22 above and attached as Exhibits 2 through 5 have been continuously used by Plaintiff in interstate commerce.

24.    Since the date of issuance, the trademark registrations referred to in 19-22 above and attached as Exhibits 2 through 5, notice has been provided to the public that

these marks are registered trademarks by the affixation of notice as provided for in 15 U.S.C. §1111.

25.     On information and belief, the Defendants have been selling and distributing firearm accessory products known as Pod Grip, Product Code: PGRIP and Pivot Pod Grip, Product Code PPGRIP, after the September 26, 2006 issue date of Plaintiff's '424 patent and have been advertising and selling such instruments and devices within this District and throughout the United States using Plaintiff's '424 Patent technology without consent or license of Plaintiff.

26.     On information and belief, the Defendants have been selling and distributing firearm accessory products known as Pod Grip, Product Code: PGRIP and Pivot Pod Grip, Product Code PPGRIP and have been advertising and selling such instruments and devices within this District and throughout the United States using Plaintiff's trademarks or derivations thereof without consent or license of Plaintiff.

27.     One or more of the Defendants have publicly stated in regard to their firearm accessory products that the function of the "Pod Grip", "Product Code: PGRIP" includes "Instantaneous pushbutton release of the bipod legs allows the operator to immediately move from the CQB position to the fighting prone position."

28.     One or more of the Defendants have publicly stated in regard to their firearm accessory products that the function of the "Pivot Pod Grip", "Product Code: PPGRIP" includes "Instantaneous pushbutton release of the bipod legs allows the operator to immediately move from the CQB position to the fighting prone position."

29.     One or more of the Defendants have publicly stated in regard to their firearm accessory products that "Command Arms Accessories' brand new hot seller; the Pod Grip is an integrated grip and stable bipod utilizing a quick detach Picatinny rail system....."

6

30.     Defendants have no U.S. Patents for their firearm accessory products known as the Pod Grip, Product Code: PGRIP and Pivot Pod Grip, Product Code PPGRIP.

31.     Defendants have no federal trademark registrations and no state trademarks relating to their firearm accessory products known as Pod Grip, Product Code: PGRIP and Pivot Pod Grip, Product Code PPGRIP.

32.     Plaintiff has complied with all conditions precedent to the bringing of this cause of action or such conditions have been waived or excused.

## COUNT I

### PATENT INFRINGEMENT

33.     Plaintiff repeats and realleges each and all of the allegations contained in Paragraphs 1-32 of this Complaint as though set forth fully at length herein.

34.     Defendants and/or its said subsidiaries and/or its said distributors and agents set forth in ¶2 and 3 above, make, use, sell, and import firearm accessories that can be described as vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration, as part of its production and sale of various models of fore grips including, but not limited to, Pod Grip, Product Code: PGRIP and Pivot Pod Grip, Product Code PPGRIP.

35.     The sales of vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration are facilitated by the Defendants' distribution activity in this District and throughout the United States.

36.     Defendants and/or its said subsidiaries and/or its said distributors and agents set forth above have also made, sold, offered for sale, imported and continue to so make and sell said models of the vertical fore grip with concealed legs that deploy

7

downward, and extend beneath the fore grip into an expanded bipod configuration in this District and throughout the United States.

37.     Defendants and/or its said subsidiaries and/or its said distributors and agents set forth above have, through said acts, infringed Plaintiff's rights of manufacture and sale.

38.     In the absence of injunctive relief, Defendants will continue to violate the Patent Laws of the United States, and to infringe and violate the claims of the '424 Patent to the detriment and injury of the Plaintiff.

39.     On information and belief, Defendants and/or its agents and subsidiaries proceeded with such infringing action subsequent to learning of GRIP POD SYSTEMS LLC's patent, therefore, this case is exceptional within the meaning of Title 35, U.S.C. 285, by virtue of Defendants' continuing, willful, and knowing infringement of the Plaintiff's '424 Patent.

40.     All prerequisites and conditions precedent to suit have been satisfied or have occurred.

41.     By reason of the above-described acts of Defendants, Plaintiff has suffered great harm, including, but not limited to, loss of royalties and past and prospective profits on their respective models of the vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration.

42.     As one consequence thereof, Plaintiff has retained the undersigned attorneys and has agreed to pay them reasonable fees for their services.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants by:

(a)      Awarding the Plaintiff all economic compensatory damages attributable to the infringement including all actual damages suffered by reason of Defendant's wrongful manufacture, importation, sale, and offer of sale of products infringing upon the '424 Patent of Plaintiff and all profits of the Defendant derived therefrom;

(b)      Awarding Plaintiff three times the amount of damages pursuant to 35 U.S.C. 284;

(c)      Issuing an injunction permanently enjoining Defendant and its agents from any further infringement or violation of Plaintiff's patent;

(d)      Declaring this case to be an exceptional one and awarding the Plaintiff its reasonable attorneys' fees and costs in brining the action, under 35 U.S.C. 285.

(e)      Awarding the Plaintiff pre-judgment and post-judgment interest on all damages at the maximum allowable rate.

(f)      Awarding the Plaintiff such other further relief as this Court may deem appropriate.

## COUNT II

**Trademark Infringement**
**Violation of 15 U.S.C. §1051, et seq., 1114, and 1116-1118 inclusive**

43.      Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

44.      This is an action for trademark infringement and arises under the trademark laws of the United States, namely Title 15 of the United States Code and more particularly, 15 U.S.C. §1051, *et seq.*, 15 U.S.C. 1114 and 15 U.S.C. 1116-1118 inclusive.

45.     The Plaintiff uses and has used the trademarked names *GRIPPOD* and *GRIP POD* in commerce, advertising, and marketing efforts in order to identify its vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration business and products and to distinguish such business and products from businesses and products of others.

46.     The names *GRIPPOD* and *GRIP POD* constitute protectable registered trademarks under federal law.

47.     The trademarks *GRIPPOD* and *GRIP POD* are inherently distinctive or have achieved secondary meaning and said trademarks are primarily nonfunctional thereby rendering them worthy of the protection of the Lanham Act.

48.     Defendants have used and continue to use in interstate commerce the names *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP* or confusingly similar names or derivations thereof in commercial advertising, promotion, and identification of their businesses and products thereby misrepresenting the nature, characteristics, and qualities of their business and products.

49.     Defendants' actions in adopting and using the names *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP* or confusingly similar names or derivations thereof were willful and wanton or with reckless disregard for the rights of Plaintiff.

50.     Said actions have given rise to a likelihood of confusion within relevant channels of commerce of the respective parties since said use is confusing similar to Plaintiff's use of its registered trademarks.

51.    Plaintiff has thus been damaged including but not limited to loss or impairment of business good will, as a result of Defendants' use of the names *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP.*

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and:

a.    Enjoin by injunction all Defendants who have infringed, are infringing, or are otherwise likely to infringe upon Plaintiff's trademarks, service marks, and trade names similar to *GRIPPOD* and *GRIP POD,* by restraining their use of the same or any marks or trade names similar thereto;

b.    Enjoin by injunction all Defendants who have utilized, are currently utilizing, or are otherwise likely to utilize any false designation of origin, false or misleading description of fact, or false or misleading representation of fact with respect to any aspect of the products or services at issue herein by restraining their use of the same or any mark or trade name similar to *GRIPPOD* and *GRIP POD* on businesses, products, or services in the stream of interstate commerce, in any commercial advertising, or in any other manner;

c.    Award Plaintiff all actual damages suffered by reason of Defendants' wrongful manufacture, use, display, sale, false designation of origin, reverse passing or palming off, and/or false advertising of Plaintiff's trademarks, service marks, and trade names similar to *GRIPPOD* and

*GRIP POD* and all businesses, products, and services associated therewith;

d.  Award Plaintiff three times the amount found as actual damages pursuant to 15 U.S.C. § 1117(a);

e.  Award Plaintiff all profits of the Defendants derived from the wrongful manufacture, use, display, sale, false designation of origin, and/or false advertising of Plaintiff's trademarks, service marks, and trade names;

f.  Award Plaintiff the costs of this action;

g.  Award Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);

h.  Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of this count, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and all other means of making same be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

i.  Award Plaintiff all other relief that this Court may deem just and proper including pre- and post-judgment interest.

## COUNT III

### Unfair Competition and False Designation of Origin

## Violation of Lanham Act, § 1125(a) a/k/a Section 43(a)

52.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

53.     Plaintiff's marks *GRIPPOD* and *GRIP POD* constitute distinctive and famous trademarks pursuant to 15 U.S.C. § 1125(a).

54.     Defendants have used and continue to use the names and words *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP* or confusingly similar names or derivations thereof to advertise and sell goods and services in interstate commerce and in a manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants to Plaintiff, or as to the origin, sponsorship, or approval of Defendants' business by Plaintiff.

55.     All actions by Defendants described in the paragraph hereinabove above were and are willful and wanton or with reckless disregard for the rights of Plaintiff.

56.     Consumers of the firearm accessory goods at issue herein are or likely would be confused as to the source of the goods advertised and sold by Defendants that contain said marks and names or similar versions thereof.

57.     Plaintiff has been damaged as a result of Defendants' use of the names or words *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP* or confusingly similar names or derivations of Plaintiff's marks *GRIPPOD* and *GRIP POD.*

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and:

        a.   Enjoin by injunction all Defendants who have diluted, are diluting, or are otherwise likely to dilute Plaintiff's trademarks, service marks, and trade

names *GRIPPOD* and *GRIP POD* by restraining their use of the same or any mark or trade name similar thereto;

b.  Award Plaintiff all actual damages suffered by reason of Defendants' wrongful dilution of Plaintiff's trademarks, service marks, and trade names *GRIPPOD* and *GRIP POD*;

c.  Award Plaintiff three times the amount found as actual damages pursuant to 15 U.S.C. § 1117(a);

d.  Award Plaintiff all profits of the Defendants derived from the use and dilution of Plaintiff's trademarks, service marks, and trade names and all goods associated therewith;

e.  Award Plaintiff the costs of this action;

f.  Award Plaintiff a reasonable attorney's fee pursuant to 15 U.S.C. § 1117(a);

g.  Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of this count, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and all other means of making same be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

h.  Award Plaintiff all other relief that this Court may deem just and proper including pre- and post-judgment interest.

## COUNT IV

**False Advertising - Section 43(a)(1)(B) of the Lanham Act; 15 U.S.C. 1125(a)**

58.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

59.     Defendants compete with Plaintiff for a common pool of customers with respect to the advertisement and sale of firearm accessory goods generally described as vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration in interstate commerce.

60.     Defendants have advertised that their forward grips and, specifically, the vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration named *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP,* are "TM" trademarks.

61.     Defendants' advertisements are false.

62.     Defendants' advertisements have deceived, or have the capacity to deceive, a substantial portion of the targeted common pool of customers.

63.     Defendants' advertisements are material deceptions in that they are likely to influence purchasing decisions.

64.     Defendants' deceptive advertisements have affected and impacted interstate commerce.

65.     Plaintiff has been injured as a result of Defendants' deceptive advertisements thereby resulting in damages to Plaintiff.

66.     Defendants' deceptive advertisements were done in bad faith and with malice or with reckless indifference to the rights of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and:

a. Enjoin by injunction Defendants who have or are otherwise likely to circulate any false or misleading description of fact, or false or misleading representation of fact with respect to any aspect of the firearm accessory products or businesses at issue herein by restraining their use of the symbols "TM" and/or "®" or other words or symbols suggesting that their product names constitute trademarks in the stream of interstate commerce, in any advertising, or in any other manner;

b. Award Plaintiff all actual damages suffered by reason of Defendants' false advertising;

c. Award Plaintiff three times the amount found as actual damages pursuant to 15 U.S.C. § 1117(a);

d. Award Plaintiff all profits of the Defendants derived from the false advertising of their vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration products or businesses;

e. Award Plaintiff the costs of this action;

f. Award Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);

g. Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the words, terms, designations, descriptions, or representations that are the subject of this

count, or any reproduction, copy, or colorable imitation thereof, and all plates, molds, matrices, and all other means of making same be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

h. Award Plaintiff all other relief that this Court may deem just and proper including pre- and post-judgment interest.

**COUNT V**

**<u>UNFAIR PRACTICES IN IMPORT TRADE</u>**

**Violation of 19 U.S.C. § 1337**

67.    Plaintiff repeats and realleges each and all of the allegations contained in Paragraphs 1-32 of this Complaint as though set forth fully at length herein.

68.    On information and belief, the Defendants imported models of vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration, into the United States.

69.    On information and belief, the Defendants have offered for sale and sold various imported models of vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration after importation.

70.    On information and belief, Defendants offered for sale and sold after importation models of vertical fore grip with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration, which infringes Plaintiff's valid and enforceable '424 Patent and federal and Florida State Registered Trademarks on *GRIPPOD* and *GRIP POD*.

71.    Defendants' sales of imported vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod

configuration, that have infringed Plaintiff's patent and federal trademarks constitute unfair practices in import trade and have caused Plaintiff to suffer damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and:

(a)     Declare a violation of 19 U.S.C. § 1337 (d) and direct the articles concerned that were imported by the Defendants to be excluded, barred, or removed from the United States of America.

(b)     Issue an injunction/cease and desist order preventing Defendants from further violations of 19 U.S.C. § 1337 (f).

(c)     Award Plaintiff all other relief that this Court may deem just and proper.

## COUNT VI

**Florida Trademark Infringement**
**Florida's Trademark Act at Section 495.151, Florida Statutes, _et. seq._**

72.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

73.     The trademarks and trade names _GRIPPOD_ and _GRIP POD_ are registered trademarks under Florida law which marks are identified respectively as Florida Trademark Registration Nos. T07000000347 and T07000000348 and are registered to Plaintiff.

74.     Plaintiff has used the trademarks and trade names _GRIPPOD_ and _GRIP POD_ in the ordinary course of their business in Florida prior to the alleged infringing use thereof by the Defendants.

75.     Defendants have used and continue to use the names and words _Pod Grip,_ _PGRIP, Pivot Pod Grip,_ and _PPGRIP_ or confusingly similar names and words to advertise

and identify themselves as the source of vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration products in Florida.

76.     There has been and continues to be competition between Plaintiff and Defendant with respect to the sale and advertisement of vertical fore grips with concealed legs that deploy downward, and extend beneath the fore grip into an expanded bipod configuration products and businesses in Florida, and Defendants' use of the names and words *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP,* or similar names and words creates consumer confusion as to the source of the goods and services.

77.     Plaintiff has been damaged as a result of Defendants' unauthorized use of the names and words *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP* or similar names and words which infringe upon Plaintiff's Florida state trademarks *GRIPPOD* and *GRIP POD.*

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and:

a.  Enjoin by injunction all Defendants who have infringed, are infringing, or are otherwise likely to infringe upon Plaintiff's trademarks and trade names *GRIPPOD* and *GRIP POD,* by restraining their use of the same or any mark, trade name, or form of advertisement similar thereto including but not limited to *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP;*

b.  Award Plaintiff all damages suffered by reason of Defendants' wrongful manufacture, use, display, or sale of goods and services

bearing Plaintiff's trademarks and trade names or similar versions thereof;

c. Award Plaintiff all profits of the Defendants derived from the wrongful manufacture, use, display, or sale of goods and services bearing Plaintiff's trademarks and trade names or similar versions thereof;

d. Award Plaintiff reasonable attorney's fees and the costs of this action;

e. Award Plaintiff all other relief that this Court may deem just and proper including pre- and post-judgment interest and any enhanced, liquidated, exemplary, consequential, and compensatory damages available under Florida law for violation of Florida's trademark statute.

## COUNT VII

### Misleading Advertising - Fla. Stat. 817.41

78.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

79.     Defendants have misleadingly advertised that their *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP,* Forward Grip scope products and businesses are their own "TM" trademarks.

80.     Defendants made a misrepresentation of material fact; namely that their *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP,* Forward Grip products and businesses are their own "TM" trademarks.

81.     Defendants knew or should have known of the falsity of the aforementioned misrepresentations.

82.     Defendants intended that the misrepresentations would induce another to rely and act on them.

83.     Defendants' misrepresentations were made with the intent or purpose, either directly or indirectly, of selling or disposing of property or services or to induce the public to enter into any obligation relating to such property or services.

84.     Defendants' misrepresentations were made in bad faith and with malice or reckless indifference to the Plaintiff's and consumer's interests.

85.     Plaintiff has suffered injury as a result of the misrepresentations.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendants for misleading advertising in violation of Fla. Stat. 817.41 and that Plaintiff be awarded actual damages, costs, attorney's fees, and punitive damages pursuant to Fla. Stat. 817.41(6) and that an injunction be issued enjoining Defendants from disseminating the misleading advertising described hereinabove, plus such other and further relief the Court deems necessary and just.

## COUNT VIII

### Unfair Competition – Florida Common Law

86.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

87.     Defendants have engaged in deceptive and fraudulent conduct by advertising that their *Pod Grip*, *PGRIP*, *Pivot Pod Grip*, and *PPGRIP*, Forward Grip products and businesses are their own "TM" trademarks.

88.     Defendants knew or should have known of the falsity of the aforementioned misrepresentations.

89.     Defendants intended that the misrepresentations would induce others to rely and act on them.

90.     Defendants' misrepresentations have caused or are likely to cause consumer confusion.

91.     Defendants' misrepresentations were made in bad faith and with malice or reckless indifference to the Plaintiff's and consumer's interests.

92.     Plaintiff has suffered injury as a result of the misrepresentations.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendants for unfair competition in violation of Florida common law and that Plaintiff be awarded actual damages, costs, and punitive damages and that an injunction be issued enjoining Defendants from disseminating the misrepresentations described hereinabove, plus such other and further relief the Court deems necessary and just.

## COUNT IX

**Deceptive and Unfair Trade Practices – Fla. Stat. 501.201, *et seq.***

93.     Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-32 of this pleading as though set forth fully at length herein.

94.     Defendants have engaged in deceptive and unfair trade practices in a trade or commerce by advertising that their *Pod Grip, PGRIP, Pivot Pod Grip,* and *PPGRIP,* Forward Grip products and businesses are their own "TM" trademarks.

95.      Defendants knew or should have known of the falsity of the aforementioned misrepresentations.

96.      Defendants intended that the misrepresentations would induce others to rely and act on them.

97.      Defendants' misrepresentations violate standards of unfairness and deception as set forth and interpreted by federal courts and/or violate 15 U.S.C. 1125(a) and <u>Fla. Stat.</u> 817.41, all of which proscribe unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

98.      Defendants' conduct has misled the consuming public concerning the nature and legal status of their firearm accessory products and businesses to the consuming public's detriment and the detriment of Plaintiff's legitimate business enterprise.

**WHEREFORE,** Plaintiff respectfully requests that the Court (1) enter a declaratory judgment that Defendants' acts of misrepresentation in advertising and commerce constitute unfair and deceptive trade practices in violation of <u>Fla. Stat.</u> 501.201, *et seq.*, (2) award Plaintiff its attorney's fees and costs as provided under <u>Fla. Stat.</u> 501.2105 and make such award part of a judgment in favor of Plaintiff and against Defendants, (3) enter an injunction enjoining Defendants from disseminating the unfair and deceptive statements described hereinabove, and (4) grant such other and further relief the Court deems necessary and just.

DATED this 2/ day of November 2007.

HOLLIFIELD LEGAL CENTRE
By:

_____
Travis R. Hollifield – Trial Counsel
Florida Bar No.: 0094420
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
Email: trh@trhlaw.com

LAW OFFICES OF BRIAN S. STEINBERGER, P.A.
Brian S. Steinberger, Esq.
Florida Bar No: 43206
101 Brevard Avenue
Cocoa, Florida 33922
Telephone: (321) 633-5080
Facsimile: (321) 633-9322
Email: brianss@vol.com
AS ATTORNEYS FOR PLAINTIFF



US007111424B1

(12) **United States Patent**
Moody et al.

(10) Patent No.: **US 7,111,424 B1**
(45) **Date of Patent:** Sep. 26, 2006

(54) **FORE GRIP WITH BIPOD**

(76) Inventors: **Joseph R. Moody**, 738 Natures Hammock Dr., Jacksonville, FL (US) 32259; **Joseph D. Gaddini**, 4360 Deerwood La., Evans, GA (US) 30809

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 10/725,082

(22) Filed: **Dec. 2, 2003**

(51) Int. Cl.
*F41C 23/00* (2006.01)

(52) U.S. Cl. .......................... 42/72; 42/94; 248/171

(58) Field of Classification Search ............. 42/94, 42/72; 248/171
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 271,251 A | 1/1883 | Leerbech et al. | |
| 575,529 A | * 1/1897 | Stephens | ...................... 280/300 |
| 721,425 A | * 2/1903 | Clyde | ...................... 248/170 |
| 1,295,688 A | 2/1919 | Butler | |
| 1,355,660 A | 10/1920 | Farquhar et al. | |
| 1,382,409 A | 6/1921 | Butler | |
| 1,580,406 A | 4/1926 | Browning | |
| 2,388,802 A | 10/1945 | Johnson | |
| 2,420,267 A | 5/1947 | Sefried | |
| 2,436,349 A | 2/1948 | Adams | |
| 2,763,456 A | * 9/1956 | Breer | ...................... 248/186.1 |
| 3,235,997 A | 2/1966 | Stoner | |
| 3,632,073 A | * 1/1972 | Nakatani | ...................... 248/169 |
| 4,121,799 A | 10/1978 | Michio | ...................... 248/171 |
| 4,545,660 A | * 10/1985 | Rudolf | ...................... 396/425 |
| 5,345,706 A | 9/1994 | Brown | ...................... 42/94 |
| 5,384,609 A | * 1/1995 | Ogawa et al. | ...................... 396/419 |
| 5,438,786 A | * 8/1995 | Hilderbrand | ...................... 42/94 |
| 6,289,622 B1 | * 9/2001 | Desch et al. | ...................... 42/94 |
| 6,487,807 B1 | 12/2002 | Kopman et al. | |
| 2005/0241206 A1 | * 11/2005 | Teetzel et al. | ...................... 42/72 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| FR | 2623595 | * 5/1989 | |

* cited by examiner

*Primary Examiner*—Michelle Clement
(74) *Attorney, Agent, or Firm*—Brian S. Steinberger; Law Offices of Brian S. Steinberger, P.A.

(57) **ABSTRACT**

A fore grip with a concealable and collapsible bipod has a tubular recess consisting of two cylindrical cutouts the housing for the legs when concealed and as the housing for a sliding piston that deploys the legs. A release has a compression spring positioned between piston assembly and the bottom of the first cutout and this spring; The legs are connected to the bottom of the piston via a hinge and spring that when released causes the legs to expand outward until fully deployed.

12 Claims, 4 Drawing Sheets



EXHIBIT __/__

FIG. 1

1



Fic. 2.

1





F1G 3

F1G 4



FIG5

US 7,111,424 B1

1

# FORE GRIP WITH BIPOD

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to gun bipods and more particularly to a new fore grip or gun handle that provides a combination pistol grip and a bipod that is concealable and collapsible inside the pistol grip.

### 2. Description of the Prior Art

There has been considerable prior art for bipods, and the prior art dates back to pre-20th century times, with bipods having a familiar appearance, structure and configuration.

The known prior art includes U.S. Pat. Nos. 271,251; 1,295,688; 1,355,660; 1,382,409; 1,380,406; 2,386,802; 2,420,267; 2,436,349, and 3,235,997.

These patents disclose the respective art in relation to bipods, but do not disclose a fore grip or gun handle with a concealable and collapsible bipod. The invention includes a replaceable mounting assembly that allows for mounting of the gun handle by various means to a gun. A fore grip or gun handle, designed with ergonomic reasons in mind, provides a stable means of holding the gun. A plurality of legs that are concealed within the fore grip are coupled via a hinge to a spring piston assembly. A spring-loaded fulcrum release mechanism holds the piston assembly in a compressed and locked position. When the piston assembly is released upon activation of the spring-loaded fulcrum release mechanism, the legs are driven downwards by the piston and upon being released from the confinement of the fore grip are deployed outwards to a locked position by a hinge or pivot mechanism. The legs have feet that are designed so that, when the legs are concealed within the handle, the feet seal off the deployment and spreader mechanisms from entrance of any debris, material etc that may interfere with the deployment of the bipod.

A recent U.S. Pat. No. 6,487,807 describes a tripod gun handle that provides a combination pistol grip and pivotal tripod. Close examination of this patent reveals a number of problems with this device, and the most obvious problem is that the tripod legs are positioned on the exterior of the handle when not deployed. If the gun with this device attached was being used in wet or muddy environments, either in a deployed or storage position, the ingress of mud and dirt into and around the handle could result in the deployment and storage of the tripod legs being severely restricted due to the mud or foreign matter. Another problem is that deployment requires the rotation of a disengagement cam to force the legs into their deployed position and then a leg locking assembly is rotated to lock the legs into a locked position. Two separate actions are required to deploy and lock the tripod legs into a locked position.

The fore grip with concealable and collapsible bipod, according to the invention is considerably different from the concepts and designs of the prior art, and provides an entirely new device that provides a combination of a fore grip or gun handle with a concealable and collapsible bipod that opens into an exposed bipod that locks open upon release from the concealment position within the fore grip or gun handle.

## SUMMARY OF THE INVENTION

The disclosed invention, which shall be subsequently described in greater detail, provides a new fore grip or gun handle with a concealable and collapsible bipod that has many advantages of the bipods mentioned previously and

2

has many new and novel features, which result in a new fore grip or gun handle with a concealable and collapsible bipod that has not been suggested, anticipated or even rendered obvious by any of the prior art bipods or the aforementioned tripod gun handle.

The present invention comprises a mounting assembly that may be self-contained or may feature adaptable mounting heads to interface with Weaver or Picatinny Rail mounts or a simple bolt attachment to a firearm. A fore grip is coupled to the mounting assembly, or may be integrated with the mounting assembly, and the fore grip is to be gripped by the hand of a user when the mounting assembly is attached or coupled to a firearm. The fore grip is used for stabilizing the firearm during firing when the user grips the fore grip. A tubular recess consisting of two cylindrical cutouts is positioned within the fore grip or gun handle, and these cutouts serve as the housing for the bipod legs when concealed and as the housing for a sliding piston assembly that deploys the bipod legs. A plurality of legs is concealed within the fore grip or gun handle and is coupled to a sliding piston assembly that is also concealed within the handle. A catch system that protrudes from the sliding piston assembly is attached to the sliding piston assembly and interfaces with a spring-loaded fulcrum release mechanism positioned at the top of the handle. A cutout within the top of the handle provides a housing for the release mechanism. A compression spring is positioned between the sliding piston assembly and the bottom of the first cylindrical cutout and this spring, when under expansion, drives the sliding piston assembly downward toward the bottom of the fore grip. At the bottom of the fore grip, a recessed locking ring or plug is secured by threads into the fore grip, and is positioned to prevent the sliding piston assembly from over-travel and thus exiting the fore grip. The legs are connected to the bottom of the piston via a hinge or pivot point, and when the legs are released from confinement within the fore grip, the legs expand outwards until fully deployed.

It is therefore an object of the present invention to provide a new fore grip or gun handle with a concealable and collapsible bipod that provides a combination fore grip or gun handle and bipod.

It is also an object of the present invention to provide a new fore grip or gun handle with a concealable and collapsible bipod that includes a mounting system for attaching to or coupling to a firearm.

It is a further object of the present invention to provide a new fore grip or gun handle with a concealable and collapsible bipod that provides a removable gun handle that helps to stabilize the gun when firing occurs.

## BRIEF DESCRIPTION OF THE DRAWINGS

Referring particularly to the drawings for the purposes of illustration only, and not limitation:

FIG. 1 is an elevational view of an embodiment of the invention showing the fore grip with the legs in the stored position.

FIG. 2 is an elevational view of an embodiment of the invention showing the fore grip with the legs in the deployed position.

FIG. 3 is a cross-sectional view of an embodiment of the invention showing the fore grip with the legs in a stored position.

FIG. 4 is a cross-sectional view of an embodiment of the invention showing the fore grip with the legs in a deployed position.

**3**

FIG. 5 is an exploded view of an embodiment of the invention

## DESCRIPTION OF THE PREFERRED EMBODIMENT

As illustrated in FIGS. 1 through to 5, the fore grip 1 with concealable and collapsible bipod consists of four distinct and separate assemblies, and these are the fore grip, the piston assembly, the legs, and the release mechanism.

The fore grip consists of a fore grip with a mounting section or end 3 that is designed for attachment to a gun. The fore grip may consist of a machining or a casting that utilizes aluminum or a molding that utilizes high impact resistant polymer or a composite material. The fore grip section 2 has a mounting end 3 that allows for coupling or attachment to a firearm. The fore grip is a grip designed for gripping by the hand of a user when the fore grip 1 is attached to a firearm. Although FIGS. 1 through 5 show the mounting end 3 being an integral part of the handle for illustration purposes only, it should be understood that the mounting end 3 may be a separate component that is then attached by known means, such as threads or a lock screw or locking bolt to the handle 1. For illustrative purposes, the mounting end 3 is shown with a cut out profile 4 that enables mounting of the handle 1 to a firearm via the use of a Picatinny mounting rail (MIL-STD-1913 rail), a mounting system widely used by military for attachment of various devices to military rifles. However, it should be understood that other means of attachment to a firearm could be used.

The fore grip 2 has a plurality of annular grooves 5 around the circumference of the fore grip section 2 and these grooves 5 are designed to aid in improving the gripping of the fore grip section 2. These grooves 5 are positioned on approximately two-thirds of the fore grip section 2 and if fore grip 1 is fabricated from aluminum, these grooves 5 may assist in reducing the weight of the gun handle. Although seven annular grooves are shown in FIGS. 1 through 5, this is for illustrative purposes only, and the number of grooves may vary.

The base or bottom 6 of the fore grip section 2 has a recessed locking ring 7 or stop ring that is shown secured to the fore grip section 2 by threads though it should be understood that other means of securing, such as a press fit or a chemical locking compound, may be used in place of threads. The recessed locking ring 7 fits into a recess or cutout 8 at the base of the handle section 2 and a further recess or cutout 9 is provided for the feet 13 of the bipod legs 12 when in the stored position. The recessed locking ring 7 has a cylindrical hole 10 that has two functions. Hole 10 allows for the passage of the bipod legs into the body of the handle section 2 when the bipod legs are stored in the handle section 2 and also allows for the passage of the piston 17 when the bipod legs are deployed. The recessed locking ring 7 also has a tapered or counter-sunk recess 11 that enables the feet 13 of the bipod to fit inside the handle 2 when the bipod legs 12 are in the stored position. An o-ring (not shown) is used in conjunction with the recessed locking ring 7 to dampen the sound of the piston when it comes into contact with the recessed locking ring. A series of cut outs (not shown) are machined into the end of the recessed locking ring 7 to enable a wrench being used to tighten up the locking ring upon assembly of the piston and legs into the fore grip.

The fore grip has a internal tubular recess 14 consisting of two cylindrical recesses 15 and 16 that are positioned within the fore grip or gun handle, and these recesses serve as the

**4**

housing for the bipod legs when concealed and as the housing for a sliding piston assembly that deploys the bipod legs, and for the catch or male part 36 of the spring-loaded fulcrum release mechanism 35. Cylindrical recess 15 is used for the housing for the sliding piston assembly and the bipod legs while cylindrical hole 16 is used for the passageway of the catch or male part 36 of the spring-loaded fulcrum release mechanism 35. Cylindrical recess 15 also has two recesses or longitudinal grooves 28 and 29 (only 28 is shown in FIG. 4) that are positioned 180 degrees apart from each other and extend upwards from the base or bottom 6 of the fore grip. The recesses 28 and 29 extend for the entire length of the cylindrical recess 15. It should be understood that for descriptive and illustrative purposes two recesses or longitudinal grooves are detailed and disclosed, but at least one recess or longitudinal groove may be used.

The piston assembly 17 consists of three sections, these being the piston head 18, the piston shaft 19, and the spring 20. The piston head 18 has two lugs 21 and 22 that protrude outwards from the piston head and these lugs are 180 degrees apart from each other. The hinge coupling lugs 23 and 24 protrude downwards from the piston head 18 and are positioned 180 degrees apart from each other. Both hinge coupling lugs 23 and 24 have a cylindrical hole 25 for a locking pin 26 that secures the bipod legs to the hinge coupling lugs 23 and 24, thus forming a hinge point 27.

The two lugs 20 and 21 protruding outwards from the piston head 18 interface with the two recesses or longitudinal grooves 28 and 29 that are part of the tubular recess 14. The lugs 20 and 21 fit within the two recesses 28 and 29 and ensure that the piston 17 does not rotate around the center axis of the tubular recess 14 when the bipod is deployed by the piston being driven downwards upon expansion of the spring 20 and when the piston 17 is in the closed position and the bipod is not deployed. It should be understood that for descriptive and illustrative purposes two protruding lugs are detailed and shown for interfacing with two longitudinal recesses or grooves, but at least one protruding lug may be used to interface with at least one recess or longitudinal groove. It should also be understood that other means of prevention of rotation of the piston around the center axis of the tubular recess may also be used as is known, and this may include tubular recess 15 being provided with at least one longitudinal protrusion that interfaces with at least one corresponding recess on the piston head 18 thereby preventing rotation of the piston upon deployment of the legs and when the piston and legs are in the stored position.

The bipod legs 12 consist of two legs 12a and 12b with two feet 13 that are shown attached to the legs by known means, such as screws but it should be understood that the feet may also be integral with the legs. For illustration purposes, the legs are shown with a half-moon or half-round shape, with the flats facing each other, and it should be understood that other profiles or lengths, such as triangular, may be used. At the bottom of each leg 12a and 12b, a hole 12c and 12d is positioned for securement or attachment of the feet 13, though said holes may be eliminated if other means of securement or attachment are used.

The two feet 13a and 13b are of a half-moon or half round shape at the base of the feet, and have an external tapered section that interfaces with the recess 11 of the recessed locking ring 7. The two feet also have a recess 13c and 13d to allow the legs 12 to fit into, and a transverse hole 13e and 13f for, in this instance, a locking screw. Other means of securement or attachment to attach the feet to the legs may be used, such as welding or dovetail cuts or pins. The thickness of the feet may be varied to compensate for the

US 7,111,424 B1

5

difference in the height of the fore grip when attached to different guns. If the feet are integral with the legs, known means such spacer elements may be attached to vary the length of the legs to compensate for the difference in height of the fore grip when attached to different guns.

The hinge point 27 consists of a left and right hinge pivot (not shown) that is machined into the top of the legs 12a and 12b, and each pivot is 180 degrees apart. A coil spring 44 is positioned between each of the legs 12a and 12b, and is secured by the locking pin 26. On the inside of the legs 12a and 12b, a small recess 45 is machined to seat the spring 44 in each of the two legs.

At the top of the fore grip or mounting end 3, a spring-loaded fulcrum release mechanism 35 is positioned within a transverse recess 37. Transverse recess 37 is positioned so that it crosses cylindrical hole 16. The spring-loaded fulcrum mechanism 35 consists of a fulcrum latch plate 38, a spring 39, a tension plate 40, and two screws 41 and 42 that secure and retain the tension plate to the fore grip. On one side of the fore grip at the mounting end, a rectangular recess with rounded ends 43 is machined into the fore grip to match the shape of the tension plate. The fulcrum latch plate 38 consists of a rectangular plate with a beveled cut out that serves as the catch surface for the catch or male part 36 of the spring-loaded fulcrum release mechanism. The male part 36 of the spring-loaded fulcrum release mechanism is shown for illustration purposes to be a round-headed bolt, though other known forms may be used. The male part 36 is secured or fixed into the top of the piston shaft 19 and it should be understood that for illustration purposes, male part 36 is shown being retained in the piston shaft 19 by threads but various other means of securement such as a press fit or welding may be used.

To use the fore grip, a user simply attaches the fore grip to the gun, regardless of whether or not the bipod legs are deployed. If the legs are deployed, then the user has the option of using the gun with the legs deployed or compressing or squeezing the legs together, and pushing them upwards into the fore grip until the male part of the spring-loaded fulcrum release mechanism catches and locks the bipod legs and the piston assembly into the closed position. One does not need to rotate any locking rings to either lock the legs in the closed position or release the legs from the closed position. It is simply a matter of depressing the tension plate to release the piston assembly and allow the bipod legs to move downwards and deploy upon the piston reaching the end-of-travel position. The spring mechanism within the hinge point ensures that the legs are expanded outwards and are thus deployed.

While the invention has been shown and described with reference to a specific preferred embodiment, modifications and changes may now be readily apparent to those skilled in the art. Such modifications and various changes in form and detail may be made herein without departing from the spirit and scope of the invention. Accordingly, it is understood that the invention will be limited only by the appended claims.

What is claimed is:

1. An ergonomic fore grip mountable to a firearm to stabilize the firearm, comprising:
   a) a top end and a bottom end and cut out there through;
   b) a mount for attaching the top end of the fore grip to a firearm;
   c) a vertically sliding piston inside the fore grip;
   d) two legs coupled to the sliding piston;
   e) a catch-lock that catches and locks the legs and the sliding piston in a closed position inside the fore grip;

6

   f) a spring-loaded fulcrum release mechanism for releasing the catch-lock;
   g) a depressible tension plate on an outside surface of the fore grip to activate the release mechanism causing the spring-piston to drive the legs downward to the bottom end of the fore grip;
   h) an expansion spring positioned between the legs causing the legs to expand outward to a locked position after the legs are released from confinement within the fore grip, wherein the sliding piston, the catch-lock, the legs, the spring-loaded fulcrum release mechanism and the expansion spring between the legs are all located and concealed inside of the fore grip in the closed position.

2. The fore grip as defined in claim 1 wherein the sliding piston assembly at the top end of the fore grip includes a piston having a piston shaft and a piston head, the piston head attached to the legs, and a spring mounted between the top end of the fore grip and the shaft for biasing said piston downwardly.

3. The fore grip as defined in claim 2 further including a spring-loaded fulcrum release mechanism having a fulcrum latch plate, with a beveled cut out that serves as a catch surface for the catch-lock to secure the top of the piston shaft and the legs in a stored position.

4. The fore grip as defined in claim 2, further including a hinge for coupling the legs to the sliding piston assembly.

5. The fore grip as defined in claim 1 further including a recessed locking ring at the bottom end of the fore grip to prevent the sliding piston assembly from exiting the fore grip when the legs are deployed.

6. The fore grip as defined in claim 2 further including a tubular recess within the fore grip with at least one longitudinal protrusion and the sliding piston with at least one recess that interfaces with the longitudinal protrusion for preventing rotation of the piston upon deployment of the legs and when the piston and legs are in a stored position.

7. The fore grip as defined in claim 1 wherein the legs are provided with feet.

8. The fore grip as defined in claim 1 wherein the fore grip has a plurality of annular grooves around the circumference of the grip portion.

9. The fore grip as defined in claim 7, wherein the feet include:
   a surface portion so that when the legs are concealed within the handle, the feet seal off the deployment and spreader mechanisms from entrance of any material that interferes with the deployment of the legs.

10. The fore grip as defined in claim 1, wherein the two legs includes:
   each leg having upper ends and bottom ends, the two legs having feet on each of the bottom ends, the two legs being solely extendable from underneath the fore grip, the two legs having a hinge point at their upper ends for allowing the bottom ends to expand outward from one another.

11. A method for using an ergonomic fore grip with concealable and collapsible bipod legs having a spring-loaded fulcrum release mechanism comprising the steps of:
   mounting a fore grip to a lower surface of a firearm;
   the fore grip comprising a top end and a bottom end and cut out there through;
   a mount for attaching the top end of the fore grip to a firearm;
   a vertical sliding piston inside the fore grip;
   two legs coupled to the sliding piston;

US 7,111,424 B1

7

a catch-lock that catches and locks the legs and the sliding piston in a closed position inside the fore grip;

a spring-loaded fulcrum release mechanism for releasing the catch-lock;

a depressible tension plate on an outside surface; and an expansion spring positioned between the legs; wherein the sliding piston, the catch-lock, the legs, the spring-loaded fulcrum release mechanism and the expansion spring between the legs are all located and concealed inside of the fore grip in a closed position;

depressing the tension plate in the spring-loaded fulcrum release mechanism to release the spring-piston that

8

drives the bipod legs downward to release the legs from confinement within the fore grip;

expanding the bipod legs outward beneath the firearm to a fully deployed position;

supporting the fully deployed legs on a surface;

gripping the fore grip; and

firing the firearm that is now supported in a stabilized position.

12. The method of claim 11, wherein the expanding step further includes the step of:

an expansion spring for expanding the bipod legs outward from one another.

* * * * *

Int. CL: 13

Prior U.S. Cls.: 2 and 9

**United States Patent and Trademark Office**

Reg. No. 3,242,400

Registered May 15, 2007

TRADEMARK
PRINCIPAL REGISTER

# GRIPPOD

GRIP POD SYSTEMS, INC. (FLORIDA LTD LIAB CO)
738 NATURE'S HAMMOCK DRIVE W
JACKSONVILLE, FL 32259

FOR: VERTICAL FORE-GRIP WITH EXTENDABLE AND EXPANDABLE STAND LEGS FOR SMALL ARMS AND WEAPONRY, NAMELY, RIFLES, IN CLASS 13 (U.S. CLS. 2 AND 9).

FIRST USE 4-0-2004; IN COMMERCE 4-0-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,066,680.

SER. NO. 78-937,113, FILED 7-25-2006.

BARNEY CHARLON, EXAMINING ATTORNEY

EXHIBIT 2

Int. Cl.: 13

Prior U.S. Cls.: 2 and 9

**United States Patent and Trademark Office**

Reg. No. 3,244,947

Registered May 22, 2007

## TRADEMARK
## PRINCIPAL REGISTER

# GRIP POD

GRIP POD SYSTEMS, INC. (FLORIDA LTD LIAB CO)

738 NATURE'S HAMMOCK DRIVE W

JACKSONVILLE, FL 32259

FOR: VERTICAL FORE-GRIP WITH EXTEND-ABLE AND EXPANDABLE STAND LEGS FOR SMALL ARMS AND WEAPONRY, NAMELY RIFLES, IN CLASS 13 (U.S. CLS. 2 AND 9).

FIRST USE 4-0-2004; IN COMMERCE 4-0-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,066,680.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "GRIP", APART FROM THE MARK AS SHOWN.

SER. NO. 78-937,148, FILED 7-25-2006.

BARNEY CHARLON, EXAMINING ATTORNEY

EXHIBIT 3

## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

**Previous on List**   **Next on List**   **Return To List**

No Events   No Name History

# Detail by Trademark Name

## Trademark

GRIPPOD

## Filing Information

EXHIBIT 4

| | |
|---|---|
| Document Number | T07000000347 |
| Date Filed | 03/12/2007 |
| Expiration Date | 03/12/2012 |
| First Used in Florida | 04/30/2004 |
| First Used Anywhere | 04/30/2004 |
| Status | ACTIVE |

**Mark Used in Connection With**
VERTICAL FORE-GRIP WITH EXTENDABLE & EXPANDABLE STAND LEGS FOR SMALL ARMS & WEAPONRY, RIFLES

## Owners

**Name & Address**

GRIP POD SYSTEMS, L.L.C.
738 NATURE'S HAMMOCK DRIVE
JACKSONVILLE FL 32259

## Type/Class

TM-0013    00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000

## Cross Reference

**No Cross Reference**

## Document Images

03/12/2007 -- Trademark

**Note: This is not official record. See documents if question or conflict.**

Home  Contact us  Document Searches  E-Filing Services  Forms  Help
Copyright and Privacy Policies
Copyright © 2007 State of Florida, Department of State.

FLORIDA DEPARTMENT OF STATE
DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List
No Events    No Name History

# Detail by Trademark Name

## Trademark

GRIP POD

## Filing Information

| | |
|---|---|
| Document Number | T07000000348 |
| Date Filed | 03/12/2007 |
| Expiration Date | 03/12/2012 |
| First Used in Florida | 04/30/2004 |
| First Used Anywhere | 04/30/2004 |
| Status | ACTIVE |

EXHIBIT 5

**Mark Used In Connection With**

VERTICAL FORE-GRIP WITH EXTENDABLE & EXPANDABLESTAND LEGS FOR SMALL ARMS & WEAPONRY, RIFLES

## Owners

**Name & Address**

GRIP POD SYSTEMS, L.L.C.
728 NATURE'S HAMMOCK DRIVE
JACKSONVILLE FL 32259

## Type/Class

TM-0013    00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000
00000000000 00000000000 00000000000 00000000000 00000000000

## Cross Reference

No Cross Reference

## Document Images

03/09/2007 – Trademark

Note: This is not official record. See documents if question or conflict.