UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GRIP POD SYSTEMS, LLC,
a Florida limited liability company,

                Plaintiff

v.

CASE NO. 6:07-CV-01863-19GJK

COMMAND ARMS ACCESSORIES, LLC,
a Pennsylvania limited liability company,
FOBUS USA, INC.,
a Pennsylvania corporation,
FIRST SAMCO, INC.,
a Pennsylvania corporation,
LAKOTA CONTRACTING, INC.
A South Dakota corporation,

                Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, COMMAND ARMS ACCESSORIES, LLC ("CAA"), FOBUS USA, INC. ("Fobus"), FIRST SAMCO, INC. ("First Samco"), and LAKOTA CONTRACTING, INC. ("Lakota"), through counsel, answer the Amended Complaint as follows:

### ANSWER TO ALLEGATIONS OF PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Admitted in part. CAA is a Pennsylvania limited liability company with its principal place of business at 76 Vincent Circle, Ivyland, PA 18974. First Samco is a Pennsylvania corporation with its principal place of business at 76 Vincent Circle, Ivyland, PA 18974. The remainder is denied.

3. Admitted.

4. Defendants admit that the Complaint pleads a federal subject matter cause of action, and for purposes of this action, do not contest personal jurisdiction in this District.

5. Defendants do not contest venue.

6. Denied.

7. Defendants admit that the Plaintiff seeks relief under the identified laws, but denies that there is any basis in law or fact for granting such relief.

8. Admitted as to CAA. Denied as to the other Defendants. However, for purposes of this action, Defendants do not contest personal jurisdiction in Florida.

9. Denied.

10. Denied. However, Defendants do not contest jurisdiction of this court.

11. Defendants do not contest venue.

12. Defendants do not contest subject matter jurisdiction of this court.

## ANSWER TO GENERAL ALLEGATIONS

13. Admitted.

14. Admitted in part. CAA markets, distributes and sells firearm accessories, including the products at issue in this case. Otherwise denied.

15. Admitted in part. Lakota is a distributor of some products marketed by CAA, including the products at issue in this case. Otherwise denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

22. Denied.

23. Denied.

24. Admitted in part. CAA sells vertical grips which attach to the fore end rail system on certain firearms, and some of those grips have a spring-loaded bipod inside that deploys upon actuation of a release button. CAA uses product identification names for these grips and descriptive text in advertising to identify what the products are. One such grip is identified by the product designation PGRIP, which is a vertical grip that does not have the ability to pivot on its bipod. In descriptive text it is called a pod grip. Another is the product designation PPGRIP, which is a vertical grip that has the ability to pivot in three planes (pan, tilt and cant) on its bipod. In descriptive text it is called a pivot pod grip. There are corresponding models with aluminum legs to reduce weight, which have the product designation PGA and PPGA respectively. The remainder is denied.

25. Denied.

26. Denied as framed. CAA applied for federal registration of a mark incorporating "CAA." Defendants admit they have not registered any marks incorporating the remaining terms.

27. Admitted.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

## ANSWER TO ALLEGATIONS OF COUNT I

29. Prior answers incorporated by reference.

30. Admitted that the Complaint contains counts alleging trademark infringement. The allegations of Paragraph 30 are denied to the extent they may be construed as an averment that Defendants are liable for the causes of action identified or that Plaintiff is entitled to any relief for the causes of action identified. The allegations of Paragraph 30 are otherwise denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, except that Defendants deny the claimed marks identify or distinguish Plaintiff's products, or otherwise act as trademarks. The words Grip and Pod are not registered apart from the composite marks, and are not protectable trademarks for a rifle grip or for a rifle pod.

32. Denied.

33. Denied.

34. Denied, except as to the use of the product identification names and

descriptive text described in response to paragraph 24.

35. Denied.

36. Denied.

37. Denied.

## ANSWER TO ALLEGATIONS OF COUNT II

38. Prior answers incorporated by reference.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## ANSWER TO ALLEGATIONS OF COUNT III

44. Prior answers incorporated by reference.

45. Admitted.

46. Denied.

47. Denied as framed. CAA applied for federal registration of a mark incorporating "CAA." Defendants admit they have not registered any marks incorporating the remaining terms.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## ANSWER TO ALLEGATIONS OF COUNT IV

54. Prior answers incorporated by reference.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.

57. Denied, except as to the use of the product identification names and descriptive text described in answer to paragraph 24.

58. Admitted that there is competition for sales of vertical fore grips with bipod legs. The remainder is denied.

59. Denied.

## ANSWER TO ALLEGATIONS OF COUNT V

60. Prior answers incorporated by reference.

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## ANSWER TO ALLEGATIONS OF COUNT VI

69. Prior answers incorporated by reference.

70. Admitted as to CAA. Denied as to other Defendants.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the doctrine of acquiescence.

SECOND AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the doctrine of equitable estoppel.

THIRD AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the doctrine of laches.

FOURTH AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the doctrine of waiver

FIFTH AFFIRMATIVE DEFENSE:

Any damages to which Plaintiff is entitled to would be offset by the damages Plaintiff has caused Defendants.

SIXTH AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the doctrine of unclean hands and trademark misuse because, *inter alia*, Plaintiff has misrepresented the scope of its rights to the claimed marks and attempted to appropriate common terms in the relevant industry to forestall competition and initiate litigation.

SEVENTH AFFIRMATIVE DEFENSE:

Any use by Defendants of the accused terms, including "pod" or "grip," has been a fair use to describe Defendants' goods.

EIGHTH AFFIRMATIVE DEFENSE:

Any use by Defendants of the accused terms, including "pod" or "grip," does not constitute "use" of any trademark and does not operate in a way that would likely cause confusion as to the origin, source or sponsorship.

NINTH AFFIRMATIVE DEFENSE:

Plaintiff has abandoned the claimed marks because its conduct has caused the marks to become the generic name for the goods on or in connection with which they are used or otherwise to lose their significance as marks.

TENTH AFFIRMATIVE DEFENSE:

Plaintiff's claimed marks are not protectable because they are generic or, at best, are merely descriptive and have not acquired secondary meaning.

ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff has not been injured in any manner as a result of any act or admission of Defendants or has failed to mitigate any such damages.

TWELTH AFFIRMATIVE DEFENSE:

Plaintiff does not have priority of use of the claimed marks as compared to other users of the terms who have used it longer than Plaintiff.

THIRTEENTH AFFIRMATIVE DEFENSE:

Plaintiff's claimed marks are unenforceable because of extensive third-party use.

## DEMAND FOR JURY TRIAL

Defendants hereby request a jury trial on all triable issues raised in or by Plaintiff's Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

(1) That Judgment be entered in favor of all Defendants and against Plaintiff on each and every count in the Complaint;

(2) That the Complaint be dismissed with prejudice;

(3) That all Defendants be awarded recovery of their costs of suit as prevailing parties;

(4) That all Defendants be awarded recovery of their attorneys fees as prevailing parties in an exceptional case under 15 U.S.C. §1117(a);

(5) That all Defendants be awarded recovery of their attorneys fees under Florida law, including Florida Statute 501.2105; and

(6) That all Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 16th day of April, 2008.

                                      *s/ Jeffrey S. Boyles*
                                      Brian R. Gilchrist
                                      Florida Bar No. 774065
                                      bgilchrist@addmg.com
                                      Jeffrey S. Boyles
                                      Florida Bar No. 722308
                                      jboyles@addmg.com
                                      Allen, Dyer, Doppelt,
                                         Milbrath & Gilchrist, P.A.
                                      255 South Orange Avenue, Suite 1401
                                      Orlando, Florida 32801
                                      Telephone:  407-841-2330
                                      Facsimile:  407-841-2343

                                      Local Counsel for Defendants

                                      -and-

                                      John J. Marshall
                                      Pennsylvania Bar No. 30,574
                                      john.marshall@dbr.com
                                      Drinker Biddle & Reath, LLP
                                      1000 Westlakes Drive, Suite 300
                                      Berwyn, PA 19312
                                      Telephone:  610-993-2274
                                      Facsimile:  610-993-8585

                                      Lead Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Brian S. Steinberger
Law Offices of Brian Steinberger, P.A.
brianss@vol.com
101 Brevard Avenue
Cocoa, Florida 32922
Telephone: 407-633-5080
Facsimile: 407-633-9322
Counsel for Plaintiff

Travis R. Hollifield
Hollifield Legal Centre
trh@trhlaw.com
147 E. Lyman Avenue, Suite C
Winter Park, Florida 32789
Telephone: 407-599-9590
Facsimile: 407-599-9591

Counsel for Plaintiff

*s/ Jeffrey S. Boyles*
Jeffrey S. Boyles