UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GRIP POD SYSTEMS, LLC,
a Florida limited liability company,

        Plaintiff,

v.

COMMAND ARMS ACCESSORIES, LLC,
a Pennsylvania limited liability company,
FOBUS USA, INC.,
a Pennsylvania corporation,
FIRST SAMCO, INC.,
a Pennsylvania corporation, and
LAKOTA CONTRACTING, INC.,
a South Dakota corporation,

        Defendants.
_____/

CASE NO: 6:07-cv-01863-19GJK

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)**<br>[Court recommends 30 days after CMR meeting] | June 15, 2008 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | July 7, 2008 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Disclosure of Expert Reports**  Party with burden of proof:  Rebuttal:  [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | October 31, 2008  December 31, 2008 |
| **Discovery Deadline**  [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | December 31, 2008 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**  [Court requires 4 months or more before trial term begins] | February 2, 2009 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**  [10 days before Joint Final Pretrial Statement] | February 18, 2009 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**  [Court recommends 6 weeks before Final Pretrial Conference] | March 2, 2009 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**  [Court recommends 3 weeks before Final Pretrial Conference] | March 20, 2009 |
| **Final Pretrial Conference**  [Court will set a date that is approximately 3 weeks before trial] | April 6, 2009  (suggested) |
| **Trial Term Begins**  [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | May 2009 |
| **Estimated Length of Trial** [trial days] | 3-5 |
| **Jury / Non-Jury** | Jury |

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| **Mediation** | Deadline:<br>Mediator: | November 26, 2008<br>Jay M. Cohen, Esq. |
| | Address: | P.O. Box 2210, Winter Park, Florida 32789 |
| | Telephone: | (407) 644-1181 |
| [Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | | |
| **All Parties Consent to Proceed Before Magistrate Judge** | | Yes____<br>No_X__<br>Likely to Agree in Future _____ |

## I. Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on May 6, 2008 at 11:00 a.m. at Hollifield Legal Centre, 147 E. Lyman Avenue, Suite C, Winter Park, Florida 32789 and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Jeffrey S. Boyles, Esq. (in person)<br>John J. Marshall, Esq. (via telephone) | COMMAND ARMS ACCESSORIES, LLC, FOBUS USA, INC., FIRST SAMCO, INC., and LAKOTA CONTRACTING, INC. (Defendants) |
| Travis R. Hollifield, Esq. (in person) | GRIP POD SYSTEMS, LLC (Plaintiff) |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

## II. Pre-Discovery Initial Disclosures of Core Information

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __X__ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on _____ by __X__ (check one)

June 5, 2008 (date).

Below is a description of information disclosed or scheduled for disclosure.

> All information required by Rule 26(a); i.e., initial witness lists, document descriptions, damages calculations, and insurance coverage information shall be exchanged by June 5, 2008.

## III. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the

4

filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_\_X\_ Yes

_____ No  Amended Certificate will be filed by

_____ (party) on or before

_____ (date).

**B.    Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

> The parties agree that they shall serve all written discovery requests via e-mail to all counsel of record in Word format and that the recipient with the duty to respond shall have 33 days from the date of service (a date of service begins at 12:00 a.m. [midnight] and ends at 11:59 p.m. on every business day [Monday-Friday…excluding legal holidays] of the year; discovery served on weekends or holidays shall be deemed served on the next business day). No other method of service is necessary; however, hand delivery of any written discovery requests is permitted and responses thereto shall be due within 30 days of the date of service.

C. **Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

Nothing further at this time.

2. Interrogatories

Nothing further at this time.

3. Document Requests

Nothing further at this time.

4. Requests to Admit

Nothing further at this time.

5. Supplementation of Discovery

The parties agree that upon the unexpected discovery of information that in good faith should be disclosed to the other side, the disclosing party shall make the supplemental disclosure within 15 business days of the date of the unexpected discovery. If privilege is asserted to restrict the disclosure of all or a part of the unexpected discovery, a privilege log shall be provided by the disclosing party in compliance with Rule 26(b)(5).

Other supplemental disclosures that are needed based on reasonably expected changing conditions such as the passage of time (i.e.; additional sales information that accrues after the date that interrogatory responses relating to damages are first due) shall be made no later than 30 days prior to the dispositive motion deadline.

**D. Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**E. Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

Nothing further at this time.

### F. Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

> The parties expect to enter into a mutually agreeable confidentiality agreement regarding the handling of sensitive business and other material within the next two weeks.

### G. Other Matters Regarding Discovery —

With respect to the creation and production of any privilege log required under Rule 26 or the Rules of this Court, the parties agree that it is unnecessary to list or describe attorney-client privileged correspondence or work product that was generated <u>after</u> the original filing of this lawsuit on November 23, 2007 <u>except that</u>, as required by law, the

parties recognize and agree that facts that may provide a basis for an attorney's thoughts and impressions are not privileged and must be disclosed and all material reviewed by any expert as a predicate to generating an expert report or any supplementation thereto, including otherwise privileged material, must be disclosed.

**IV.     Settlement and Alternative Dispute Resolution.**

        **A.     Settlement —**

The parties agree that settlement is

__X__ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes     __X__ no     _____ likely to request in future

        **B.     Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes     __X__ no     _____ likely to request in future

_____ Binding     _____ Non-Binding

        **C.     Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the

table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution —

The parties intend to pursue the following other methods of alternative dispute resolution:

The parties will pursue informal settlement discussions.

Date: May 27, 2008

Signature of Counsel (with information required by Local Rule 1.05(d)).

By:

**/s/ Travis R. Hollifield**
_____

Travis R. Hollifield, Esq.
Florida Bar No.: 0094420
Hollifield Legal Centre
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
E-mail: trh@trhlaw.com
ATTORNEY FOR PLAINTIFF




By:

**/s/ John J. Marshall**
_____

John J. Marshall, Esq.
Pennsylvania Bar No.: 30,574
Drinker, Biddle & Reath, LLP
1000 Westlakes Drive – Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 993-2274
Facsimile: (610) 993-8585
E-mail: john.marshall@dbr.com
TRIAL COUNSEL FOR DEFENDANTS

By:

**/s/ Jeffrey S. Boyles**

---

Brian Gilchrist, Esq.
Florida Bar No.: 774065
Jeffrey S. Boyles, Esq.
Florida Bar No.: 722308
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.,
255 S. Orange Avenue, Suite 1401
Orlando, Florida 32802
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
E-mail: jboyles@addmg.com
LOCAL COUNSEL FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By:

**/s/ Travis R. Hollifield**

---

Travis R. Hollifield
Hollifield Legal Centre
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789
Telephone: (407) 599-9590
Facsimile: (407) 599-9591
E-mail: trh@trhlaw.com
ATTORNEY FOR PLAINTIFF