## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GRIP POD SYSTEMS, LLC**,   CASE NO: 6:07-cv-1863-Orl-35GJK

    Plaintiff,

v.

**COMMAND ARMS ACCESSORIES, LLC, FOBUS USA, INC.**, *et. al.*,

    Defendants.
_____/

## ORDER OF PERMANENT INJUNCTION AND CONSENT DECLARATORY JUDGMENT

**THIS CAUSE** comes before the Court for consideration of the parties' Stipulation for Entry of Permanent Injunctive Relief (the "Stipulation"), filed February 11, 2009. (Dkt. 59). The Court has considered the Stipulation and has determined that a permanent injunction should be entered against Defendant Command Arms Accessories, LLC (the "Defendant").

Based on the stipulation of the parties, the Court finds as follows:

(1) Plaintiff owns and possesses valid registered trademarks known as *Grip Pod* and *Grippod*;

(2) Defendant has used the marks *Pod Grip* and *Pivot Pod Grip*;

(3) Defendant's use of the above marks occurred in commerce;

(4) Defendant used the marks in connection with the sale or advertising of goods of the same nature as the goods sold by Plaintiff; and

(5) The similarity between the marks and goods is likely to cause confusion; and

1

(6) Defendant has stopped selling the goods which bore the marks Pod Grip and Pivot Pod Grip.

The Court further finds that as a result of the foregoing:

(1) Plaintiff has suffered irreparable injury;

(2) remedies available at law are inadequate to compensate Plaintiff for its injury;

(3) considering the balance of hardships between Plaintiff and Defendant, remedy in equity is warranted; and

(4) the public interest would not be disserved by permanent injunction.

Upon consideration of the aforementioned, it is **ORDERED** that:

Defendant Command Arms Accessories, LLC and its respective owners, directors, officers, employees, agents, attorneys, successors, assigns, and those persons in active concert or participation with them are hereby **PERMANENTLY ENJOINED AND PROHIBITED** from advertising, marketing, offering to sell, selling, manufacturing, or distributing any products:

(a) using or displaying Plaintiff's registered trademarks *Grip Pod* and *Grippod* and any other confusingly similar versions or derivations thereof, including, but not limited to, the names/words/marks/symbols/slogans/logos ("names") *Pod Grip* and *Pivot Pod Grip* whether such names are used to identify a manufacturer, product, model, or any other tangible or non-tangible item without an express license from Plaintiff, except where such use would constitute a fair use under trademark law.

The limitation encompasses, but is not limited to, using or displaying Plaintiff's registered trademarks *Grip Pod* and *Grippod* and any other confusingly similar versions or derivations thereof, including, but not limited to, the names/words/marks/symbols/slogans/logos ("names") *Pod Grip* and *Pivot Pod Grip*, whether such names are used to identify a manufacturer, product, model, or any other tangible or non-tangible item and advertising, marketing, offering to sell, selling, manufacturing, or distributing any products displaying, using, or bearing the above names/words/marks/symbols/slogans/logos or any other combination or derivation thereof in all advertising and marketing materials, business cards, letterhead, websites, meta-tags, building, road, and vehicle signage or placards, corporate names, fictitious names, and federal, state, territorial, and international trademark applications, except where such use would constitute a fair use under trademark law.

This Permanent Injunction shall be effective immediately and unless expressly modified by the Court shall survive regardless of any settlement, dismissal, judgment, or other disposition of this case unless and until Plaintiff abandons the use of the marks *Grip Pod* and *Grippod*.

The Court acknowledges that the parties have entered into a settlement agreement regarding non-injunctive relief, and that the parties will stipulate to dismissal of this case following entry of this injunction.

**DONE AND ORDERED** in Orlando, Florida, this 3rd day of March 2009.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record